UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IN RE:

    JOHN R M WILSON,

            Debtor

Case No. 18-42302

JOHN R.M. WILSON

            Plaintiff,

v.

OUMROW ROY SINGH, SABRINA B. SINGH
ASCB MANAGEMENT INC, "JON DOE" and
"JANE DOE," the last two names being fictious,
Said parties being individuals, if any, having or
Claiming an interest in, or lien upon, the premises
Described herein, and XYZ-1 CORP, and XYZ-2
CORP., the last two names being fictious, it being
The intention of plaintiffs to designate any
Corporation having a legal interest in the premises
described herein.

Civil Action No.: 18-01062-ess

2019 JAN 22 A 11: 17
RECEIVED/MR
CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

            Defendants

------------------------------------------------------------------X

## MICHELLE COLLISON, ESQ.,'S REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201(b), Michelle Collison, Esq., respectfully request that the Court take judicial notice of the following document in connection with Defendant Roy Singh's Motion for Extension of Time to File an Answer.

On December 26, 2018, your undersigned met with Mr. Singh for the first time at which meeting Mr. Singh offered the undersigned a position within his company as in house counsel. Mr. Singh

advised that the undersigned would work at least one day a week from his Brooklyn Office and that this office address was 349 Monroe Street, Brooklyn New York, the designated address for in house counsel.

Mr. Singh also advised that he had to make a court appearance in the above captioned case on December 28, 2018 and request that the undersigned make this appearance on his behalf. On December 28, 2018 I filed a Notice of Appearance in this case and sought to make an appearance on behalf of Mr. Singh. The Bankruptcy Clerk however advised the undersigned that there was no court appearance scheduled for today and that instead an answer was due today. At this point, the undersigned could not possibly file an answer given this limited time. I subsequently filed a motion requesting an extension of time to file an answer, return date January 31, 2019.

On January 12, 2019, the undersigned and Roy Singh scheduled a meeting to solidify and memorialize the terms of the undersigned employment and on January 13, 2018 the undersigned declined Roy Singh's offer and communicated to Roy Singh that a Consent to Change Attorney must be filed with this court thereby facilitating the removal of my name from the records as attorney for defendant Roy Singh. Should the court require it, such email can be provided to this court. Attached as "**Exhibit A**" please see letter to Roy Singh.

That Karamvir Dahiya, attorney for Mr. Wilson, claims against the undersigned are false, malicious, defamatory and completely without merit. That Karamvir Dahiya has rushed to judgement without verification of facts in this case. That immediately after meeting with Roy Singh on December 26, 2018, the undersigned called and texted Karamvir Dahiya, notifying him that I was just retained by Roy Singh. Karamvir Dahiya responded accusing me of lying and that I was already retained by Roy Singh. Karamvir Dahiya did not extent the courtesy extended to him by the undersigned but immediately accused the undersigned of lying. Karamvir Dahiya could have easily verified that I was not the attorney of record who was previously stated by Roy Singh as being his previously retained attorney.

Additionally, Karamvir Dahiya continues his malicious, fallacious and defamatory statements by stating to this court "**this Notice of Appearance filed by Ms. Michelle Collison is false and is in collusion with Singh**". The undersigned demands an answer as to what she has colluded with Singh. The undersigned has not only maintained a professional and ethical relationship with Roy Singh from December 26, 2018 to January 13, 2019 and Karamvir Dahiya's statements are nothing but a reflection of his own rash/unethical professionalism and his negligent, malicious and blatant disrespect for the truth and for the undersigned.

PLEASE TAKE NOTICE, that Michelle V. Collison has ended her legal relation as counsel in this case for interested person(s)/defendants Oumrow Roy Singh, Sabrina B. Singh, ASCB Management Inc on January 13, 2019.

Dated: Queens, New York

        January 15, 2019

By: /s/

Michelle Collison, Esq.

To:    Karamvir Dahiya
       75 Maiden Lane
       Suite 506
       New York NY 10038
       Tel: 212-766-8000


       Clerk of the Bankruptcy Court.
       United States Bankruptcy Court
       271-C Cadman Plaza East, Suite 1595
       Brooklyn, NY 11201-1800

# EXHIBIT A



# MICHELLE COLLISON
# ATTORNEY AT LAW

Michelle Collison, Esq

219-06 130th Drive

Springfield Gardens NY 11413

January 13, 2019

Roy Singh

199 Nassau Road

Hempstead NY 11575

Dear Mr. Singh:

After consideration of your job offer on 1/12/2019, I do not think that this is good fit for me at this time and must decline your offer. I do however thank you for your interest and consideration of me.

Enclosed please find an invoice for the legal work that I have done for you since 12/26/18 the date of our verbal agreement without embodying our agreement as to a retainer agreement or compensation.

Also enclosed please find a Consent to change Attorney form for your signature and the signature of your new attorney, to be filed with the Bankruptcy Court to facilitate the removal of my name from the Court's records.

My regards to Sue.

Best regards

*signature*

Michelle Collison, Esq.