UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x Case No.: 18-42302

IN RE:

    JOHN WILSON,

Civil Action **No.:**
1-18-01062

ANSWER

           Debtor,

---

JOHN WILSON,

           Plaintiff,

   v.

OUMROW ROY SINGH, SABRINA
B. SINGH, ASCB MANAGEMENT INC.
JOHN DOE and JANE DOE,

           Defendants.

---

The defendants Oumrow Roy Singh ("Roy Singh"), Sabrina B. Singh and ASCB Management Inc. by their attorney Leonard Eli Bronner answers the petition as follows:

1. Admits the allegations contained in paragraphs 3, 4, 5, 6, 8, to the extent that the defendant Roy Singh and ASCB are real estate foreclosure experts, 9 except as the allegation that ASCB is an altar ego of Roy Singh.;

2. Page 3: Admits the allegations contained in paragraphs 1, 5 to the extent that Ms. Johnson purchased the subject property and 7 to the extent that the plaintiff went to Mr. Singh's office.

3. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 7; Page 3 – 3, 4, 5 as to the mortgage payments, 6, 18 and 45, 48 and 49. .

4. Denies the allegations contained in paragraphs 1, 2 to the extent that the respondent did not enter into a lease with the petitioner, 5, 6, 8 to the extent of the allegations against Sabrina B. Singh and 9 to the extent that ACSB is an alter ego of Roy Singh;

Page 3 of the complaint 2, 5, 6 to the extent the defendants trapped Ms. Johnson, 7 to the extent that of Mr. Singh's representations, 8, 9 to the extent that there is a claim of a lack of consideration, 10, 11, 13, 14, 15, 16, 19, 20, 21, 22, 23, 25, 26, 27, 28, 30, 31, 32, 33, 34, 36, 37, 39, 40, 41, 42, 43, 46, 47, 52, 53, 54, 56, 57, 59, 60, 61, 62, 63, 64 and 65.

## AFFIRMATIVE DEFENSE

5. Upon information and belief, Deslyn Johnson was the owner of the subject property located at 1656 Park Place, Brooklyn, New York ("the property").

6. Upon information and belief, Ms. Johnson was unable to pay the mortgage and other liens on the property.

7. On or about 5/7/09, Ms. Johnson transferred the deed to the plaintiff ("Wilson").

8. Upon information and belief, on or about 2/21/18, Ms. Johnson and the plaintiff came to the Mr. Singh's office and requested that he try and arrange for a short sale to

Wells Fargo in order to get out from under the liens of the property with a foreclosure auction sale imminent.

9. Upon information and belief, there never was any representation by Mr. Singh that he would attempt to modify or refinance the mortgage, only either arrange for a short sale to the bank or acquire the mortgage with a Power of Attorney. In either case, Wilson would have transferred the deed and lose any interest in the property but would be relieved of the debts and liens thereto.

10. Upon information and belief, the bank would not execute a short sale with Mr. Wilson because he was not residing in the United States but would do so with Mr. Singh.

11. Upon information and belief, on or about 2/21/18, Mr. Wilson executed a Power of Attorney with SCB World Realty Inc. and a deed transfer to the defendant ASCB Management Inc. ("ASCB"). Said transfers, upon information and belief, were executed at Mr. Singh's office and were for the purpose of allowing Mr. Singh's company to arrange for either a short sale or purchase of the mortgage from the bank since Wilson was not able to get a modification of the mortgage or arrange a short sale, as set forth above.

12. Upon information and belief, the plaintiff and Ms. Johnson who owns various properties and who are both fluent in English were always aware that Wilson would have no further interest in the property after execution of the deed.

13. Upon information and belief, neither Wilson or Ms. Johnson have ever lived at the subject building.

14. Upon information and belief, the consideration gained by Wilson was the relief of not being responsible for the debts and liabilities attendant to the property or subject to a deficiency judgment, possible bankruptcy and loss of credit all for a property in which Wilson never lived in and did not have sufficient income to maintain.

15. Upon information and belief, the plaintiff, subsequent to the recording of the deed for the property, changed his mind, perhaps because of an appreciating housing market, and decided to bring this complaint to retrieve the property.

16. The property, however, upon information and belief, was transferred to Mr. Singh for a valid consideration and is his. There is no basis to retract a valid deal simply because the plaintiff and Ms. Johnson changed their minds and think they can get a better deal in the current real estate market.

WHEREFORE, the respondent demands judgment dismissing the complaint, reasonable attorney fees, costs and any and other relief this Court deems just and proper.

Dated: February 19, 2019
Brooklyn, New York

Leonard Eli Bronner
Attorney for the Defendants
26 Court Street, Suite 810
Brooklyn, NY 11242
718-576-3741