```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                        :
                                              :          Chapter 13
JOHN R.M. WILSON,                             :          Case No. 18-42302 (ESS)
                                              :
          Debtor.                             :
-------------------------------------------------------x
JOHN R.M. WILSON,                             :
                                              :
          Plaintiff                           :
                                              :          Adv. Proc. No. 18-01062 (ESS)
          v.                                  :
                                              :
OUMROW ROY SINGH, SABRINA B.                  :
SINGH, ASCB MANAGEMENT INC.,                  :
"JOHN DOE", "JANE DOE," XYZ-1                 :
CORP., and XYX-2 CORP.                        :
                                              :
          Defendants.                         :
-------------------------------------------------------x
```

## ORDER GRANTING IN PART AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS, AND DIRECTING ENTRY OF JUDGMENT

WHEREAS, on April 25, 2018, John R.M. Wilson filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code; and

WHEREAS, on May 21, 2018, the Plaintiff commenced this adversary proceeding by filing a complaint against Oumrow Roy Singh, Sabrina B Singh, ASCB Management Inc., John Doe, Jane Doe, XYZ-1 Corp, and XYX-2 Corp (the "Defendants") asserting claims, among others, of fraud, civil conspiracy to commit fraud, unconscionability, negligence, constructive trust, and unjust enrichment (the "Complaint"); and

WHEREAS, on February 20, 2018, the Defendants filed an answer to the Complaint.

*Motion for Judgment on the Pleadings*

WHEREAS, on February 27, 2019, the Plaintiff filed a motion for judgment on the

pleadings (the "Motion for Judgment on the Pleadings"); and

WHEREAS, on March 15, 2019, the Defendants filed opposition to the Motion for Judgment on the Pleadings; and

WHEREAS, on June 19, 2019, the Plaintiff filed an Amended Motion for Judgment on the Pleadings (the "Amended Motion"); and

WHEREAS, on September 10, 2019, the Court held a continued pre-trial conference and hearing on the Amended Motion, at which the Plaintiff appeared and was heard, and the Defendants did not appear; and

WHEREAS, at the September 10, 2019 hearing, the Plaintiff requested that the Amended Motion be converted to a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56; and

WHEREAS, on September 20, 2019, the Court entered an order directing the Plaintiff to serve and file a supplemental brief in support of the Amended Motion and request for summary judgment by October 10, 2019, directing the Defendants to file a response, if any, by November 7, 2019, and scheduling a continued pre-trial conference and hearing on the Amended Motion as supplemented for December 3, 2019; and

WHEREAS, on December 3, 2019, the Court held a continued pre-trial conference and hearing on the Amended Motion, at which the Plaintiff appeared and was heard, and the Defendants did not appear; and

WHEREAS, on December 3, 2019, the Court issued an order directing the Plaintiff to serve and file a supplemental brief in support of the Amended Motion and request for summary judgment by December 27, 2019, directing the Defendants to file a response, if any, by January 17, 2020, and scheduling a continued pre-trial conference and hearing on the Amended Motion

as supplemented for January 28, 2020; and

WHEREAS, on December 17, 2019, the Plaintiff filed a supplemental brief in support of the Amended Motion and request for summary judgment (the "Supplemental Brief"); and

WHEREAS, on January 28, 2020, the Court held a continued pre-trial conference and hearing on the Amended Motion, as supplemented to seek summary judgment, at which the Plaintiff appeared and was heard, and the Defendants did not appear; and

WHEREAS, on January 29, 2020, the Court issued an order directing the Defendants to file a response to the Supplemental Brief, if any, by March 4, 2020, and scheduling a continued pre-trial conference and hearing, including oral argument, on the Amended Motion, as supplemented to seek summary judgment, for March 11, 2020; and

WHEREAS, on March 11, 2020, the Court held a continued pre-trial conference and hearing on the Amended Motion, as supplemented to seek summary judgment, at which the Plaintiff appeared and was heard, and the Defendants did not appear; and

WHEREAS, on April 2, 2020, the Court entered an order scheduling a continued pre-trial conference and hearing, including oral argument, on the Amended Motion, as supplemented to seek summary judgment, to be held on May 19, 2020; and directing the Defendants to appear at the May 19, 2020 hearing to show cause why judgment should not be entered on the Ninth Cause of Action seeking recovery of the real property located at 1656 Park Place, Brooklyn, NY 11233 (the "Property") on grounds of unjust enrichment (the "Order to Show Cause"); and

WHEREAS, from time to time, and on August 25, 2020, the Court held continued pre-trial conferences, and hearings on the Amended Motion, as supplemented to seek summary judgment, and hearings on the Order to Show Cause, at which the Plaintiff appeared and was heard, and the Defendants did not appear; and

WHEREAS, at the August 25, 2020 hearing, the Court found that the Defendants were served the Order to Show Cause and the Amended Motion, as supplemented to seek summary judgment, and the Defendants did not file a response to the Order to Show Cause or the Amended Motion; and the Court further found that the Defendants are not infants, incompetent, or serving in the military; and the Court further found that there is no just reason for delay; and therefore, the Court determined that grounds exist to enter judgment on the Ninth Cause of Action seeking recovery of the Property on the grounds of unjust enrichment; and

WHEREAS, "'[t]o prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution,'" *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 537 (E.D.N.Y. 2015) (quoting *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir.2006); and

WHEREAS, "[s]aid another way, the plaintiff must prove (i) defendant was enriched and (ii) such enrichment was unjust," *Kramer v. Chin (In re Chin)*, 492 B.R. 117, 125 (Bankr. E.D.N.Y. 2013 (citing *Songbird Jet Ltd., Inc. v. Amax, Inc.*, 581 F. Supp. 912, 926 (S.D.N.Y. 1984)); and

WHERAS, to prevail on summary judgment, the Plaintiff must establish that there is no genuine dispute as to a material fact with respect to each element of his claim.

*Whether the Defendants Benefited*

WHEREAS, the first element that the Plaintiff must establish is that the Defendants benefited by the transfer of the Property; and

WHEREAS, the Plaintiff alleges that the Defendants benefitted and were unjustly enriched when they received the deed to the Property on February 21, 2018, for $10.00 (the

- 4 -

"Transfer"); and

WHEREAS, here, the record shows that the Plaintiff made the Transfer to the Defendants, and that the Transfer was made for less than fair consideration or reasonably equivalent value; and

WHEREAS, as a consequence, the Plaintiff has shown that there is no genuine dispute as to a material fact as to whether the Defendants benefitted by the Transfer, and the burden shifts to the Defendants to come forward with "evidence sufficient to create a genuine dispute as to a material fact for trial" as to this element, *Silverman v. United Talmudical Academy Torah Vyirah, Inc.* (*In re Allou Distribs., Inc.*), 446 B.R. 32, 49 (Bankr. E.D.N.Y. 2011); and

WHEREAS, as reflected in the record, the Defendants did not file opposition to the Amended Motion or to the Court's Order to Show Cause; and

WHEREAS, based on the entire record, including the record of the August 25, 2020 hearing, the Plaintiff has shown that there is no genuine dispute as to a material fact that the Defendants benefitted by the Transfer.

*Whether the Defendants Were Benefitted at the Plaintiff's Expense*

WHEREAS, the second element that the Plaintiff must establish is that the Defendants benefitted by the Transfer at the Plaintiff's expense; and

WHEREAS, the Plaintiff alleges that the Defendants benefitted and were unjustly enriched when they received the deed to the Property for $10.00; and

WHEREAS, the Plaintiff must show "that the enrichment must be such that in equity and good conscience its retention would be unjust," *Mayer v. Bishop*, 158 A.D.2d 878, 880, 551 N.Y.S.2d 673, 675 (N.Y. App. Div. 3d Dep't), *appeal denied*, 559 N.Y.S.2d 983, 559 N.E.2d 677, 76 N.Y.2d 704 (1990); and

WHEREAS, here, the record shows that, as noted above, the Plaintiff made the Transfer to the Defendants for less than fair consideration or reasonably equivalent value, and, as a consequence, the Defendants were enriched at the Plaintiff's expense; and

WHEREAS, based on the entire record, the Plaintiff has shown that there is no genuine dispute as to a material fact as to whether the Defendants benefitted at the Plaintiff's expense, and the burden shifts to the Defendants to come forward with "evidence sufficient to create a genuine dispute as to a material fact for trial" as to this element, *In re Allou Distribs., Inc.*, 446 B.R. at 49; and

WHEREAS, as reflected in the record, the Defendants did not file opposition to the Amended Motion or the Court's Order to Show Cause; and

WHEREAS, based on the entire record, including the record of the August 25, 2020 hearing, the Plaintiff has shown that there is no genuine dispute as to a material that the Defendants benefitted at the Plaintiff's expense.

*Whether Equity and Good Conscience Militate Against Permitting the Defendant To Retain the Property*

WHEREAS, the third element that the Plaintiff must establish is that equity and good conscience militate against the Defendants retaining the Property; and

WHEREAS, the Plaintiff argues that that equity and good conscience weigh against permitting the Defendants to retain the Property under the facts and circumstances present here; and

WHEREAS, an unjust enrichment claim "is undoubtedly equitable and depends upon broad considerations of equity and justice," *Paramount Film Distr. Corp. v. State of New York,* 30 N.Y.2d 415, 421 (1972); and

WHEREAS, as one court noted, "[a]n indispensable ingredient" of an unjust enrichment claim "is that as between the two parties involved there must be an injustice," *Songbird Jet Ltd. v. Amax, Inc.*, 581 F. Supp. 912, 926 (S.D.N.Y. 2012); and

WHEREAS, here, the record shows that the Plaintiff transferred the Property to the Defendants for little or no consideration, and the Defendants were enriched by that transfer; and

WHEREAS, the Defendants have not filed opposition to the Amended Motion or the Order to Show Cause; and

WHEREAS, based on the entire record, including the record of the August 25, 2020 hearing, the Court finds that the Plaintiff has shown that there is no genuine dispute as to a material fact that equity and good conscience militate against the Defendants retaining the Property; and

WHEREAS, the Plaintiff has therefore established as to each element of the claim set forth in the Ninth Cause of Action for unjust enrichment, and he is entitled to summary judgment on that claim.

NOW, THEREFORE, it is hereby

ORDERED, that the Amended Motion, as supplemented to seek summary judgment, is granted in part with respect to the Ninth Cause of Action seeking recovery of the subject property on grounds of unjust enrichment; and it is further

ORDERED, that the Plaintiff John R.M. Wilson is declared to be the owner of the Property located at 1656 Park Place, Brooklyn, NY 11233; and any registration of deeds or encumbrances contrary to that are hereby nullified; and it is further

ORDERED, that the transfer of the deed from the Plaintiff John R.M. Wilson to ASCB Management Inc. is declared null and void and ownership of the Property is restored to John

R.M. Wilson; and it is further

ORDERED, that counsel for the Plaintiff may file a copy of this Order with the Kings County Clerk's Office, and the Clerk may take steps to comply with this Order and it is further

ORDERED, that a Judgment in accordance with this Order against the Defendants on the Ninth Cause of Action in the Complaint will be entered simultaneously herewith.



Dated: Brooklyn, New York
September 9, 2020

Elizabeth S. Stong
United States Bankruptcy Judge